SCOTT N. SCHOOLS  (SCSBN. 9990)
United States Attorney
THOMAS MOORE  (ASBN 4305-T78O)
Assistant United States Attorney
 10th Floor Federal Building
 450 Golden Gate Avenue, Box 36055
 San Francisco, California 94102
 Telephone:  (415) 436-7017

Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. C-07-5007-WHA |
| Plaintiff, | ) ) | NOTICE OF MOTION FOR DEFAULT |
| v. | ) ) | JUDGMENT AND DECREE OF SALE, MOTION FOR DEFAULT JUDGMENT |
| DANA K. OLSON, et al., | ) ) | AND DECREE OF SALE AND MEMORANDUM IN SUPPORT OF |
| Defendants. | ) ) | MOTION FOR DEFAULT JUDGMENT AND DECREE OF SALE |
| | ) ) | DATE: January 31, 2008 |
| | ) | TIME: 8:00 a.m. |
| _____ | ) | Place: Courtroom 9, 19th |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on January 31, 2008, at 8:00 a.m., before the Honorable William

Alsup, United States District Court Judge, United States District Court, 19rd Floor, San Francisco,

California, the plaintiff, United States of America, through its undersigned counsel, will move for

default judgment and decree of sale pursuant to Rule 55 of the Federal Rules of Civil Procedure.

The United States, pursuant to Federal Rule of Civil Procedure 55, hereby moves this Court for

default judgment and a decree of sale in this matter.  In support of this motion, the United States refers

the Court to the attached Memorandum of Points and Authorities and all the pleadings on file in this

matter.

## **ISSUE**

Whether the court should enter default judgment against defendant Dana K. Olson and order the

sale of her real property towards satisfaction of her federal tax liabilities and the other lien holders.

## STATEMENT OF FACTS

The United States commenced this action against defendant, Dana K. Olson, by filing a complaint to reduce tax assessments to judgment.   A summons on the complaint was issued by the clerk of the court.  Defendant, Dana K. Olson, was served with copies of the summons and the United States of America's complaint.  Defendant Dana K. Olson failed to answer or otherwise defend against the suit.  The United States moved for the entry of default, which was entered on December 5, 2007.

The Internal Revenue Service made tax assessments against defendant.  The defendant has failed to pay such taxes in the amount of $209,230.79, plus interest and penalties which have continued to accrue from September 30, 2007 and will continue to accrue until paid. See Complaint at paragraphs 14-15 and the Declaration of Thomas Moore at ¶3.

The real property which is the focus of this action is owned by Dana K. Olson and is located at 1242 Alabama Street, San Francisco, California.  On July 31, 1997 and July 24, 2007, the IRS filed Noticed of Federal Tax Lien for the 1995 taxes against the property of Dana K. Olson with the San Francisco County Recorder's Office. See Exhibits 10-11. On March 18, 1998, the IRS filed a Notice of Federal Tax Lien for the 1996 taxes against the property of Dana K. Olson with the San Francisco County Recorder's Office. See Exhibit 12.   On January 8, 2001, the IRS filed a Notice of Federal Tax Lien for the 1997 taxes against the property of Dana K. Olson with the San Francisco County Recorder's Office.  See Exhibit 13.  On May 4, 2007, the IRS filed a Notice of Federal Tax Lien for the 1998, 2000, 2001, and 2002 taxes against the property of Dana K. Olson with the San Francisco County Recorder's Office.  See Exhibit 14.  On May 29, 2001, the IRS filed a Notice of Federal Tax Lien for the 1995 section 7421 penalty against the property of Dana K. Olson with the San Francisco County Recorder's Office.  See Exhibit 15.

## ARGUMENT

### I.

### THE UNITED STATES IS ENTITLED TO DEFAULT JUDGMENT AGAINST DANA K. OLSON AND A DECREE FOR THE SALE OF HER REAL PROPERTY

**A.    Introduction.**

This is an action to reduce the assessments made against Dana K. Olson for unpaid federal

1  income taxes, statutory additions and interest for the taxable years above described to judgment.  Such

2  an action is explicitly authorized under Sections 7401 and 7402 of the Internal Revenue Code of 1986

3  (26 U.S.C.).  **Caleshu v. United States**, 570 F.2d 711, 713 (8th Cir. 1978).

4       A court proceeding to obtain a judgment for unpaid tax assessments must be instituted within

5  ten years after assessment, or prior to the expiration of any period for collection agreed upon in writing

6  by the taxpayer and the Internal Revenue Service.  26 U.S.C. § 6502(a)(1).  As reflected on the

7  certificates of assessments and payments attached to the Declaration of Thomas Moore as Exhibits 1-9,

8  the tax assessments in this case occurred on the dates described in paragraph 14 of the complaint, all of

9  which occurred within ten years from the date this suit was brought against Dana K. Olson.

10  Accordingly, this action was timely filed for all taxable years in suit.

11         **B.**    **The Court Should Enter Default Judgment Against Dana K. Olson**

12       Default was entered against defendant Dana K. Olson on December 4, 2007.  Despite the entry

13  of default against her, defendant Olson has yet to defend this suit.  Thus, this court should enter default

14  judgment against her and order the sale of her real property to carry out such judgment.  Rule 55(b)(2)

15  of the Federal Rules of Civil Procedure provides that in cases such as this where "to enter judgment or

16  to carry it into effect, it is necessary to take an account or to determine the amount of damages or to

17  establish the truth of any averment by evidence or to make an investigation of any other matter, the

18  court may conduct such hearing or order such references as it deems necessary and proper . . .."

19  Accordingly, this court should hold a hearing to determine the extent of defendant Olson's tax debt and

20  her interest in the real property which this court should order sold to satisfy her tax debts.

21         **C.**    **The assessments against defendant Olson are established by the certificates**

22                 **of assessments and payments filed herein.**

23       This suit against defendant Olson is based upon the assessments made against her for unpaid

24  federal income taxes, statutory additions, and interest for the taxable years 1995, 1996, 1997, 1998,

25  2000, 2001, 2002 and for Section 6721 penalties for the 1995 and 1998 tax years as reflected on the

26  Certificate of Assessments and Payments filed herein (Exhibits 1 through 9).

27       A certificate of assessments and payments is admissible into evidence pursuant to Rules 803(8)

28  and 902(4) of the Federal Rules of Evidence and is the proper means of establishing the facts of the

administrative assessment, notice, and demand for payment. **United States v. Lorsen Electric Co.**, 480 F.2d 554, 555-556 (2d Cir. 1973); **United States v. Strebler**, 313 F.2d 402, 403-404 (8th Cir. 1963); **Holland v. United States**, 209 F.2d 516, 520-521 (10th Cir.), aff'd, 348 U.S. 121 (1954); **Frick v. Phillips**, 518 F. Supp. 1329, 1331 (E.D. Wis. 1981). See also, **Welch v. Helvering**, 290 U.S. 111, 115 (1933). An assessment for unpaid federal taxes, when properly certified, is presumptively correct evidence of a taxpayer's liability and satisfies the Government's burden of proof so that the United States may rest its case. **United States v. Janis**, 428 U.S. 433, 440-441 (1976); **Anderson v. United States**, 561 F.2d 162, 165 (8th Cir. 1977). See also **Welch v. Helvering**, 290 U.S. 111 (1933); **Foster v. Commissioner**, 756 F.2d 1430, 1439 (9th Cir. 1985); **Rockwell v. Commissioner**, 512 F.2d 882, 885 (9th Cir.), cert. denied, 423 U.S. 1015 (1975). The defendant taxpayer must then prove that the assessment is incorrect.

In the present case, the certificate of assessments and payments for defendant Olson with respect to each of the tax years (Exhibits 1 through 9) establish that the assessments were made, that notice and demand was made on defendant Olson for her liabilities, and that she has failed to pay those liabilities. The United States thus has established its entitlement to default judgment.

## II.

### THE UNITED STATES' TAX LIENS ATTACHED TO THE SUBJECT REAL PROPERTY WHEN ITS LIENS WERE RECORDED AGAINST DANA K. OLSON

Under Section 6321 of the Internal Revenue Code of 1986 (26U.S.C.), the United States has a lien for unpaid taxes on all property and rights to property of the taxpayer. This lien arises at the time the assessment is made and continues until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability,) is satisfied or becomes unenforceable by reason of lapse of time. Code Section 6322. It attaches to all property or property rights the taxpayer then holds or subsequently acquires. **Glass City Bank v. United States**, 326 U.S. 265 (1945); **Bank of America National Trust & Savings Assn. v. Mamakos**, 509 F.2d 1217, 1219 (9th Cir. 1975); **J.D. Court, Inc. v. United States**, 712 F.2d 258, 260-261 (7th Cir. 1983), cert. denied, 466 U.S. 927 (1984); Treasury Regulations on Procedure and Administration (1954 Code), Sec. 301.6321-1 (26 C.F.R.).

///

1    In the present lawsuit, the United States' tax liens arose on the dates of the assessments

2    described in paragraph 14 of the complaint and were perfected against other creditors on  July 31,

3    1997, March 18, 1998, January 8, 2001, May 4, 2007, and May 29, 2001,when Notices of Federal Tax

4    Lien against Dana K. Olson were recorded with the San Francisco County Recorder's Office in San

5    Francisco, California.

6    The property Alabama Street real property has at all pertinent times been property belonging to

7    Dana K. Olson, and only to her, for purposes of the tax lien provisions of the Internal Revenue

8    Code.  Accordingly, the federal tax liens at issue attached to the property when the liens arose, and the

9    tax liens have continued, to the present and without interruption, to attach to such property.

10    for tax lien purposes.  **United States v. Bank of Celina**, 721 F.2d 163, 167 (6th Cir. 1983); **United**

11    **States v. Cuti**, 395 F.Supp. 1064 (E.D. N.Y. 1975).

12                                                    **III.**

13                    **THE COURT SHOULD ORDER THE SALE OF**
                    **THE SUBJECT REAL PROPERTY TO PAY DANA OLSON**
14            **TAX DEBTS AND THE DEBTS OWED TO THE OTHER LIEN-HOLDERS**

15    Foreclosure and judicial sale is one of the collection tools of the IRS and its purpose is to

16    ensure the prompt and certain enforcement of the tax laws.  See **United States v. Rodgers**, 461 U.S.

17    677, 683 (1983).  The United States' right to seek a forced sale of the property does not arise out of its

18    privileges as an ordinary creditor, but out of 26 U.S.C. § 7403.  **Rodgers**, 461 U.S. at 697.

19            Moreover, the use of the power granted by § 7403 is not the act of an ordinary creditor,
            but the exercise of a sovereign prerogative, incident to the power to enforce the
20            obligations of the delinquent taxpayer himself, and ultimately grounded in the
            constitutional mandate to "lay and collect taxes."
21

22    **Rodgers**, 461 U.S. at 697.

23    The provisions of Section 7403 are broad and profound.  **Rodgers**, 461 U.S. at 699.  One of the

24    advantages of Section 7403 is that it gives the United States the opportunity to seek the highest return

25    possible on the forced sale of property interests liable for the payment of taxes.  **Rodgers**, 461 U.S. at

26    699.  Section 7403 does not require courts to foreclose tax liens in all cases.  The Supreme Court,

27    however, has emphasized that:

28

1    [T]he limited discretion accorded by § 7403 should be exercised
2    rigorously and sparingly, keeping in mind the Government's paramount
     interest in prompt and certain collection of delinquent taxes.

3    **Rodgers**, 461 U.S. at 711.

4    Because defendant Dana K. Olson has failed to defend this suit and because she has failed to

5    pay her tax debts, the court should order the sale of her real property pursuant to the 28 U.S.C. Section

6    2001(a) which empowers the Court to set the terms and conditions of sale of real property.  The United

7    States requests that the Court enter the proposed Decree Of Sale, submitted with this motion, to ensure

8    that the above described real property is sold in an orderly manner and preserved pending confirmation

9    of the sale and the delivery of the  deed to the ultimate purchaser(s).  The proposed Decree Of Sale

10   provides in general that 1) notice of sale be published in accordance with 28 U.S.C. Sections 2001and

11   2002) the Marshal or his representative or an Internal Revenue Service Property Appraisal and

12   Liquidation Specialist ("PALS"), shall have access to the real property for purposes of showing it for

13   sale and to preserve it pending delivery to the ultimate purchaser; 3) bidders demonstrate an ability to

14   make a minimum deposit, and if successful, that they pay the remainder of the purchase price within a

15   set period of time, and if they fail to pay the remainder of the purchase price they shall be liable to the

16   United States pursuant to 28 U.S.C. §§ 3001(b) and 3203(g)(2)(C); and 4) that the sale proceeds be

17   distributed to the lien holders after the sale is confirmed and in accordance with the Court's Order

18   confirming the sale and 28 U.S.C. Section 1921(c).

19                                    **CONCLUSION**

20   Based on the foregoing reasons, the plaintiff, the United States of America, respectfully

21   requests that this Court enter default judgment against Dana K. Olson and in favor of the United States

22   and order the sale of defendant Olson's real property for the payment of her tax debts.

23                                    Respectfully submitted,

24                                    SCOTT N. SCHOOLS
                                      United States Attorney

25

26

27                                    /s/ Thomas Moore
                                      THOMAS MOORE
                                      Assistant United States Attorney
28                                    Tax Division

## CERTIFICATE OF SERVICE BY MAIL

I, **KATHY P. TAT** declare:

That I am a citizen of the United States and resident or employed in San Francisco County, California; that my business address is Office of United States Attorney, 450 Golden Gate Avenue, Box 36055, San Francisco, California 94102; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Northern District of California, who is a member of the Bar of the United States District Court for the Northern District of California, at whose direction the service by mail described in this Certificate was made; that on December 26, 2007, I deposited in the United States mails in the above-entitled action, in an envelope bearing the requisite postage, a copy of:

**NOTICE OF MOTION FOR DEFAULT JUDGMENT AND DECREE OF SALE, MOTION FOR DEFAULT JUDGMENT AND DECREE OF SALE AND MEMORANDUM IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AND DECREE OF SALE; DECLARATION OF THOMAS MOORE IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT; and [proposed] DEFAULT JUDGMENT AND DECREE OF SALE**

**addressed to:**

DANA K. OLSON
1242 ALABAMA STREET
SAN FRANCISCO, CA 94110

JOHN BARRETT, JR.
BARRETT BLOCK PARTNERS, LP
1534 PLAZA LANE #320
BURLINGAME, CA. 94010

POWELL POOL
POWELL & POOL
7522 N COLONIAL AVE #100
FRESNO, CA 93711

at their last known address, at which place there is service by United States mail.

I declare under penalty of perjury under the laws of the States of California that the foregoing is true and correct, executed on December 26, 2007, at San Francisco, California.

_____
/s/ Kathy Tat
**KATHY P. TAT**