SCOTT N. SCHOOLS (SCSBN 9990)
United States Attorney
THOMAS MOORE (ASBN 4305-T78O)
Assistant United States Attorney
 10th Floor Federal Building
 450 Golden Gate Avenue, Box 36055
 San Francisco, California 94102
 Telephone: (415) 436-7017

Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | Case No. C-07-5007-WHA |
|---|---|---|
| Plaintiff, | ) | |
| | ) | [proposed] |
| v. | ) | DEFAULT JUDGMENT AND |
| | ) | DECREE OF SALE |
| DANA K. OLSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On January 31, 2008, the United States' Motion for Entry of Default Judgment and Decree of Sale came before United States District Judge William Alsup.

Having reviewed the default entered against Dana K. Olson on December 4, 2007, the pleadings and good cause appearing, IT IS ORDERED,

1. That plaintiff United States of America shall have judgment against and recover from defendant Dana K. Olson for 1995 income taxes the sum of $74,910.36, plus statutory additions which have will and continue to accrue as provided by law from September 30, 2007, until paid.

2. That plaintiff United States of America shall have judgment against and recover from defendant, Dana K. Olson, for 1996 income taxes the sum of $45,170.36, plus statutory additions which have and will continue to accrue as provided by law from September 30, 2007, until paid.

3. That plaintiff United States of America shall have judgment against and recover from defendant, Dana K. Olson, for 1997 income taxes the sum of $28,311.97, plus additions statutory which have and will continue to accrue as provided by law from September 30, 2007, until paid.

4. That plaintiff United States of America shall have judgment against and recover from defendant, Dana K. Olson, for 1998 income taxes the sum of $15,633.80, plus statutory additions which have and will continue to accrue as provided by law from September 30, 2007, until paid.

5. That plaintiff United States of America shall have judgment against and recover from defendant, Dana K. Olson, for 2000 income taxes the sum of $7,742.57, plus statutory additions which have and will continue to accrue as provided by law from September 30, 2007, until paid.

6. That plaintiff United States of America shall have judgment against and recover from defendant, Dana K. Olson, for 2001 income taxes the sum of $2,227.53, plus statutory which have and will continue to accrue as provided by law from September 30, 2007, until paid.

7. That plaintiff United States of America shall have judgment against and recover from defendant, Dana K. Olson, for 2002 income taxes the sum of $4,520.40, plus statutory additions which have and will continue to accrue as provided by law from September 30, 2007, until paid.

8. That plaintiff United States of America shall have judgment against and recover from defendant, Dana K. Olson, for the 1995 Section 6721 penalty the sum of $28,541.68, plus statutory additions which have and will continue to accrue as provided by law from September 30, 2007, until paid.

9. That plaintiff United States of America shall have judgment against and recover from defendant, Dana K. Olson, for the 1998 Section 6721 penalty the sum of $2,172.87, plus statutory which have and will continue to accrue as provided by law from September 30, 2007, until paid.

10. Judgment is to accrue interest at the rate provided by Section 6621, 26 U.S.C..

IT IS FURTHER ORDERED,

11. Pursuant to 28 U.S.C., §§ 2001 and 2002 and 26 U.S.C. §§ 7402 and 7403, the Court rules and orders as follows:

12. Dana K. Olson owns the real property located at 1242 Alabama Street, San Francisco, California 94110, and described in the Official Records in the office of the County Recorder, San Francisco County, California, describing the real property (hereinafter the "Property") as follows:

> Commencing at a point on the westerly line of Alabama Street, distant thereon two hundred and eight (208) feet southerly from the southwesterly corner of Alabama and Twenty-Fourth Street, and running thence southerly along said westerly line of Alabama Street twenty-six

(26) feet; thence at right angles westerly 100 feet; thence at right angles northerly twenty-six (26) feet and thence at right angles easterly one hundred (100) feet to the westerly line of Alabama Street and the point of commencement.

13. The United States Marshal for the Northern District of California, his/her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS"), is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Property. The United States may choose either the United States Marshal or a PALS to carry out the sale under this order and shall make the arrangements for any sale as set forth in this Order.

14  The Marshal, his or her representative, or a PALS representative is authorized to have free access to the Property and to take all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the property, until the deed to the Property is delivered to the ultimate purchaser(s).

15. The terms and conditions of the sale of the property are as follows:

    a. the sale of the Property shall be free and clear of the interests of Dana K. Olson, West America Bank Corporation, Employee Development Department, State Board of Equalization, Dow Jones & Co. Inc., Barrett Block Partners LP, and Daniel P. Lee.

    b. the sale shall be subject to the building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the property, and easements and restrictions of record, if any;

    c. the sale shall be held at the courthouse of the county or city where the Property is located, on the Property's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002;

    d. the date and time for sale are to be announced by the United States Marshal, his representative, or a PALS;

    e. notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in San Francisco County, and at the discretion of the Marshal, his representative, or a PALS, by any other notice deemed appropriate. The notice shall contain a description of the property and shall contain the

1 terms and conditions of the sale in this order of sale;

2          f.    the minimum bid will be set by the United States of America. If the minimum
3 bid is not met or exceeded, the Marshal, his or her representative, or a PALS may, without further
4 permission of this court, and under the terms and conditions in this order of sale, hold a new public
5 sale, if necessary, and reduce the minimum bid or sell to the second highest bidder;

6          g.    the successful bidder(s) shall be required to deposit at the time of the sale with
7 the Marshal, his representative, or a PALS a minimum of Ten Thousand Dollars ($10,000), with the
8 deposit to be made by a certified or cashier's check payable to the Marshal, his representative, or a
9 PALS, whoever conducted the sale.

10     Before being permitted to bid at the sale, bidders shall display to the Marshal, his/her
11 representative, or a PALS proof that they are able to comply with this requirement. No bids will be
12 received from any person(s) who have not presented proof that, if they are the successful bidder(s),
13 they can make the deposit required by this order of sale;

14         h.    the balance of the purchase price for the Property is to be paid to the United
15 States Marshal or a PALS (whichever person is conducting the sale) within twenty (20) days after the
16 date the bid is accepted, by a certified or cashier's check payable to the Marshal, his representative, or a
17 PALS, whoever is conducting the sale. If the bidder fails to fulfill this requirement, the deposit shall be
18 forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28
19 U.S.C. § 1921(c), with any amount remaining to be applied to the tax liabilities of Dana K. Olson at
20 issue herein. The Property shall be again offered for sale under the terms and conditions of this order
21 of sale. The United States may bid as a credit against its judgment without tender of cash;

22         i.    the sale(s) of the property shall be subject to the confirmation by this Court. The
23 Marshal or a PALS shall file a report of sale with the Court, together with a proposed order of
24 confirmation of sale and proposed deed, within 20 days from the date of the balance of the purchase
25 price;

26         k.    on confirmation of the sale, all interests in, liens against, or claims to, the
27 property that are held or asserted by all parties to this action (as stated in (a) above) are discharged and
28 extinguished;

DEFAULT JUDGMENT & DECREE OF SALE
(NO. C-07-5007-WHA)                                    4

        l.    on confirmation of the sale, the recorder of deeds San Francisco County, California shall cause transfer of the properties to be reflected on upon that county's register of title; and

        m.    the sale is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

16.    Until the Property is sold, defendant Dana K. Olson shall take all reasonable steps necessary to preserve the properties (including all building improvements, fixtures and appurtenances on the property) in its current condition, including, without limitation, maintaining a fire and casualty insurance policy on the property.  She shall neither commit waste against the property nor cause or permit anyone else to do so.  She shall neither do anything that tends to reduce the value or marketability of the property, nor cause or permit anyone else to do so.  She shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting sings) that may directly or indirectly tend to adversely affect the value of the property or that may tend to deter or discourage potential bidders form participating in the public auction, nor shall she cause or permit anyone else to do so.

17.    All persons occupying the Property shall leave and vacate the property permanently withing thirty (30) days of the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures and appurtenances to the property).  If any person fails or refuses to leave and vacate the property by the time specified in this Order, the United States Marshal's Office, alone, is authorized to take whatever action it deems appropriate to remove such person(s) from the premises, whether or not the sale of such property is being conduction by a PALS. If any person fails or refuses to remove his or her personal property from the property by the time specified herein, the personal property remaining on the property thereafter is deemed forfeited and abandoned, and the United States Marshal's Office is authorized to remove it and to dispose of it in any manner it deems appropriate, including sale, in which the proceeds of the sale are to be applied first to the expenses of the sale and the balance to be distributed pursuant to further Order of this Court.  See, e.g., **U.S. v. Burdline,** 205 F.Supp.2d 1175, 1180-81 (W.D. Wash. 2002) (ordering sale proceeds from tax foreclosure to be distributed first to allowed costs of state); cf. 26 U.S.C. § 6342 (providing that,

where the United States seizes and sells property in satisfaction of a federal tax lien, the proceeds of the sale shall be used first to pay "the expenses of levy and sale").

The proceeds arising from sale are to be held and distributed by the United States Marshal or PALS, whoever sold the real property, pursuant to the Order confirming the sale of the real property and ordering disbursal of the sale proceeds.

DATED this _____ day of _____, 2008.

BY THE COURT:

_____
United States District Judge

**DEFAULT JUDGMENT & DECREE OF SALE**
**(NO. C-07-5007-WHA)**                          6