CARL P. BLAINE (State Bar # 65229)
Email: cblaine@wkblaw.com
MINNA C. YANG (State Bar # 187599)*
*[Admission pending]
Email: myang@wkblaw.com
JASON P. FRICANO (State Bar #246697)*
*[Admission pending]
**WAGNER KIRKMAN BLAINE KLOMPARENS & YOUMANS LLP**
10640 Mather Blvd., Suite 200
Mather, California 95655
Telephone:   (916) 920-5286
Facsimile:    (916) 920-8608

Attorneys for DANA K. OLSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DANA K. OLSON, et al,<br><br>    Defendants. | Case No. C-07-5007-WHA<br><br>DEFENDANT DANA K. OLSON'S ANSWER TO THE COMPLAINT OF THE UNITED STATES OF AMERICA |

Defendant DANA K. OLSON (hereinafter "Defendant"), hereby responds to Plaintiff's Complaint. Defendant reserves the right to amend, add or strike affirmative defenses as discovery ensues or due to any inadvertence. Defendant further reserves the right to raise affirmative defenses and admit such as a defense at trial which is subsequently discovered through the discovery process.

## COUNT I

## JURISDICTION AND VENUE

1.  Answering the allegations of Paragraph 1, Defendant admits the allegations of said paragraph.

2.  Answering the allegations of Paragraph 2, Defendant admits that this action is

purportedly commenced pursuant to Sections 7401 and 7403 of the Internal Revenue Code of 1986. Defendant denies the remaining allegations of Paragraph 2 of the Complaint for lack of sufficient information. Specifically, Defendant denies for lack of information that this action was commenced with the authorization and sanction, and at the request of, the Secretary of the Treasury or his delegate.

3. Answering the allegations of Paragraph 3, Defendant denies for lack of sufficient information.

4. Answering the allegations of Paragraph 4, Defendant denies, except admits that the subject property is located within this judicial district.

## COUNT II

## IDENTIFICATION OF DEFENDANTS

5. Answering the allegations of Paragraph 5, Defendant denies, except admits that the subject property is within the jurisdiction of this Court.

6. Answering the allegations of Paragraph 6, Defendant denies for lack of sufficient information.

7. Answering the allegations of Paragraph 7, Defendant denies for lack of sufficient information.

8. Answering the allegations of Paragraph 8, Defendant denies for lack of sufficient information.

9. Answering the allegations of Paragraph 9, Defendant denies for lack of sufficient information.

10. Answering the allegations of Paragraph 10, Defendant denies for lack of sufficient information.

11. Answering the allegations of Paragraph 11, Defendant denies for lack of sufficient information.

## IDENTIFICATION OF THE PROPERTY SOUGHT TO BE FORECLOSED

12. Answering the allegations of Paragraph 12, Defendant admits.

/ / /

{12946.00000 / 00347570.DOC.2}    2

Olson's Answer to the United States of America Complaint

## COUNT III

## REDUCE ASSESSMENTS TO JUDGMENT

13. Answering the allegations of Paragraph 13, Defendant incorporates herein by reference her responses to paragraphs 1 through 12.

14. Answering the allegations of Paragraph 14, Defendant denies for lack of sufficient information.

15. Answering the allegations of Paragraph 15, Defendant denies for lack of sufficient information.

## COUNT IV

## FORECLOSE FEDERAL TAX LIENS

16. Answering the allegations of Paragraph 16, Defendant incorporates herein by reference her responses to Paragraphs 1 through 15.

17. Answering the allegations of Paragraph 17, Defendant denies for lack of sufficient information.

18. Answering the allegations of Paragraph 18, Defendant denies for lack of sufficient information.

19. Answering the allegations of Paragraph 19, Defendant denies for lack of sufficient information.

20. Defendant further denies generally each and every allegation of the Complaint not herein specifically admitted, qualified or denied.

## PRAYER

Defendant denies that Plaintiff is entitled to any relief whatsoever, including all those indicated in Plaintiff's Prayer for award and relief in Plaintiff's Complaint.

/ / /

/ / /

/ / /

/ / /

WAGNER KIRKMAN BLAINE KLOMPARENS & YOUMANS LLP
*Attorneys at Law*
10640 Mather Blvd., Suite 200, Mather, California 95655
Phone: (916) 920-5286  Fax: (916) 920-8608

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

(Improper Venue)

1.  AS AND FOR A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that this district is not the proper venue in which to reduce the federal tax assessments to judgment because Defendant does not reside in this judicial district and because Defendant did not reside in this judicial district at the time this action was commenced.

SECOND AFFIRMATIVE DEFENSE

(Failure to State a Claim)

2.  AS AND FOR A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint and each and every cause of action therein fail to state a claim upon which relief may be granted.

THIRD AFFIRMATIVE DEFENSE

(Laches)

3.  AS AND FOR A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's delay in asserting its allegations have resulted in prejudice to Defendant and thus, Plaintiff should be denied relief under the doctrine of laches.

FOURTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

4.  AS AND FOR A FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's assessments of tax herein at issue were barred by the applicable statute of limitations under section 6502(a) of the Internal Revenue Code.

FIFTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

5.  AS AND FOR A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's authority to collect on the federal tax assessments herein at issue is barred by the applicable statute of limitations for collection under section

WAGNER KIRKMAN BLAINE KLOMPARENS & YOUMANS LLP
Attorneys at Law
10640 Mather Blvd., Suite 200, Mather, California 95655
Phone: (916) 920-5286  Fax: (916) 920-8608

6501(a) of the Internal Revenue Code.

## SIXTH AFFIRMATIVE DEFENSE

(Lack of Jurisdiction)

6. AS AND FOR A SIXTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges lack of subject matter jurisdiction because this action was not instituted with the authorization and sanction, and at the request of, the Secretary of the Treasury or his delegate as required by sections 7401 and 7403(a) of the Internal Revenue Code.

## SEVENTH AFFIRMATIVE DEFENSE

(Lack of Jurisdiction)

7. AS AND FOR A SEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges lack of jurisdiction because there is no live case or controversy regarding Plaintiff's demands for foreclosure of tax liens as Defendant has sold or will sell the subject property and will use the proceeds to pay the liabilities due to the Treasury, to the extent they exist.

## EIGHTH AFFIRMATIVE DEFENSE

(Collection Due Process Rights)

8. AS AND FOR AN EIGHTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff should be denied relief because Defendant was not afforded her Collection Due Process Rights. Because Defendant was not afforded her Collection Due Process rights, Plaintiff's Complaint does not balance the need for efficient tax collection with Defendant's concern that any collection action be no more intrusive than necessary. See 26 U.S.C. § 6330(c)(3).

WHEREFORE, the Answering Defendant prays for judgment against Plaintiff as follows:

(1) That the relief sought in the Complaint be denied;

(2) For such costs and expenses of suit incurred herein;

(3) For reasonable attorneys' fees according to proof;

(4) For such other and further relief as the Court may deem just and proper.

DATED: February 14, 2008          WAGNER KIRKMAN BLAINE
                                  KLOMPARENS & YOUMANS LLP


                                  By:   /s/ Carl P. Blaine
                                        CARL P. BLAINE
                                  Attorneys for DANA K. OLSON